Donald Gene LAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15026.

Court of Criminal Appeals of Oklahoma.

June 18, 1969.

Dennis L. Pope, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Donald Gene Lay, hereinafter referred to as defendant, was charged by Information in the District Court of Garfield County with the crime of Kidnapping. He entered a plea of not guilty by and through his court-appointed attorney; withdrew said plea of not guilty for the purpose of filing a Motion to Make the Information More Definite and Certain; and thereafter re-entered his plea of not guilty. The case was set for trial on May 6, 1968, at which time the defendant appeared in open court, with counsel, and announced to the court that he wished to withdraw his plea of not guilty and enter a plea of guilty. Before accepting said plea, the court advised the defendant of his right to a jury trial for the determination of his guilt or innocence; ascertained that the plea of guilty was made by the defendant voluntarily after consultation with his counsel; whereupon, the court accepted said plea and then advised the defendant of his right to have additional time before the court imposed judgment and sentence. The defendant, by and through his attorney, then waived his right to further time, requested that the court immediately impose judgment and sentence, and further requested that the judgment and sentence imposed on the plea be allowed to run concurrent with the judgment and sentence of the District Court of Garfield County, Case No. 3538. Thereafter, the court imposed judgment and sentence providing for the defendant's imprisonment for a period of five years and further directed that the same run concurrent with the judgment and sentence imposed in Garfield County District Court Case No. 3538. The court then advised the defendant of his right to appeal to this Court, to the appointment of counsel in perfecting said appeal, and his right to have casemade or transcript at public expense; whereupon the defendant advised the court he did not wish to appeal, but the court-appointed counsel, through an abundance of caution and protection of defendant's right relating to an appeal, advised the court that the defendant wished to perfect an appeal to this Court, the appointment of counsel and the preparation of transcript at public expense.

Notice of Intent to Appeal to this Court was timely filed and this appeal was lodged by the filing of a Petition in Error with transcript attached on November 14, 1968. Thereafter, on request of counsel for defendant, an order was duly entered, granting additional time to file a brief in support of Petition in Error, which time expired on the 21st day of February, 1969, and no request for an extension of additional time to file a brief in support of Petition in Error was thereafter filed. This cause was summarily submitted under rules 6 and 9 of this Court on the 13th day of May, 1969.

This Court has repeatedly held that when no briefs are filed in support of the Petition in Error, we will examine the record only for fundamental error and if none appears, the judgment and sentence appealed from will be affirmed. We have carefully examined the record in the instant case and find that the defendant was represented by capable counsel, that he knowingly and intelligently entered a plea of guilty to the offense charged with full knowledge of the nature and consequence of such plea, after having been thoroughly and meticulously advised of his rights, and that thereafter the court immediately imposed judgment and sentence in accordance with defendant's request. No attempt was ever made to withdraw the plea of guilty, nor was a Motion for New Trial ever filed.

From the record it appears that the trial court had jurisdiction of the person, subject matter, and authority under law and that the defendant freely and voluntarily entered a plea of guilty with the full knowledge of the nature and consequence of said plea and the judgment and sentence pronounced upon said plea was well within the range provided by law.

Under these circumstances, in the light of the record before us, we are of the opinion that it would have been a vain and futile gesture for counsel for defendant to file a brief, since the record is free of any error which would justify modification or reversal. We are of the opinion, and therefore hold, that the judgment and sentence appealed from should be, and the same is hereby, Affirmed.

BRETT, P. J., and NIX, J., concur.